IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY JOHNSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-704-P |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 filed by Petitioner, Anthony Johnson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I.  BACKGROUND**

A jury in Tarrant County, Texas, Case No. 1459735R, found Petitioner guilty of continuous sexual abuse of a child and, on June 30, 2016, assessed his punishment at life imprisonment. Clerk's R. 142, ECF No. 10-8. The trial court's judgment of conviction by the jury was affirmed on appeal and, on October 25, 2017, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Electronic R., ECF No. 10-20. Petitioner does not indicate that he sought a writ of certiorari in the United States Supreme Court. Pet. 3, ECF No. 1. On May 29, 2020, Petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals

without written order on the findings of the trial court and the court's independent review of the record.[1] SHR[2] 27, ECF No. 10-23; Action Taken, ECF No. 10-21. This federal habeas petition challenging his conviction was filed on May 25, 2021.[3] Pet. 10, ECF No. 1. Petitioner raises two grounds for relief alleging ineffective assistance of trial counsel. *Id.* at 6. Respondent contends that the petition is untimely under the federal one-year statute of limitations or, in the alternative, that Petitioner's claims are unexhausted and procedurally barred. Resp't's Answer 5–12, ECF No. 9.

## II. DISCUSSION

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[1] A petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). Although Petitioner's state habeas application does not provide that information, it was signed by Petitioner on May 29, 2020. For purposes of this opinion, his state habeas application is deemed filed on that date.

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-90,080-01.

[3] A petitioner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner signed his federal petition on May 25, 2021. For purposes of this opinion, his petition is deemed filed on that date.

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Under subsection (A), applicable in this case, the limitations period commenced on the date on which the trial court's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on January 23, 2018, triggering the one-year limitations period, which expired one year later on January 23, 2019. *See Gonzalez v. Thaler,* 623 F.3d 222, 224 (5th Cir. 2010), *aff'd,* 565 U.S. 134 (2011); Sup. Ct. R. 13.1. Therefore, Petitioner's federal petition was due on or before January 23, 2019, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application

filed on May 29, 2020, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's petition is untimely unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner presents no new evidence to meet the actual-innocence exception. Instead, he relies upon the *Martinez v. Ryan,* 566 U.S. 1 (2012), line of cases to excuse his untimely filing. Pet'r's Resp. 1–3, ECF No. 11. However, that line of cases does not address or excuse the untimely filing of a federal habeas petition. Rather, those cases address exceptions to a state-imposed procedural default of ineffective-assistance-of-trial-counsel claims and do not apply to the federal statute of limitations or the tolling of that period. *See Shank v. Vannoy,* No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States,* 860 F.3d 547, 555–57 (5th Cir. 2017), *cert. denied,* 138 S. Ct. 1032 (2018), *Arthur v. Thomas,* 739 F.3d 611, 628–31 (11th Cir.), *cert. denied,* 135 S. Ct. 106 (2014), *Bland v. Superintendent Greene SCI,* No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017)); *Taylor v. Eppinger,* No. 16-4227, 2017 WL 5125666, at *2 (6th Cir. June 2, 2017); *Moody v. Davis,* No. 4:19-CV-298-Y, 2019 WL 4860958, at *3 (N.D. Tex. Oct. 2, 2019), *appeal docketed,* No. 19-11200 (5th Cir. Nov. 1, 2019);

4

*Huckaby v. Davis,* No. 4:16-CV-896-A, 2017 WL 6622551, at *4 (N.D. Tex. Dec. 27, 2017); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646, at *4 (N.D. Tex. June 9, 2014).

Because Petitioner is not entitled to any tolling of the limitations period, his federal petition was due on or before January 23, 2019. His petition filed on May 25, 2021, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of September, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE